780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
JAMES THEODORE SULLIVAN, Plaintiff-Appellant,
v.
ROBERT BASORE, EDWARD PAINTER, MARK SMITH AND LARRY BARR,
Defendants-Appellees.
 84-1007
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 AFFIRMED
 
 1
 E.D.Mich.
 
 ORDER
 
 2
 BEFORE: LIVELY, Chief Judge; CONTIE, Circuit Judge; and JOHNSTONE, District Judge.*
 
 
 3
 Sullivan appeals pro se from the district court's order granting summary judgment to the defendants in this prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Sullivan is a prisoner at the State Prison in Jackson, Michigan. The defendants are prison officials. Sullivan alleges that the prison officials searched his cell and seized property belonging to him. Although a hearing was held with regard to property deemed contraband, Sullivan alleges that there was also other property not mentioned at the hearing which was never returned to him. The district court granted summary judgment to the defendants, finding that there was no due process violation.
 
 
 5
 In his brief, Sullivan argues that the defendants acted in the absence of any rules governing this situation. This contention is clearly incorrect. There are Department of Corrections regulations which govern the disposition of contraband property. 3 Michigan Administrative Code Service R. 791.5501 (1979). So Sullivan was provided due process with regard to the hearing on his contraband property. Moreover, Sullivan also has state court remedies available to him with regard to any property that was negligently lost or intentionally taken from him. Parratt v. Taylor, 451 U.S. 527, 540-41 (1981); Hudson v. Palmer, ---- U.S. ----, 104 S.Ct. 3194, 3204 (1984).
 
 
 6
 The district court was correct to find that there was no due process violation in this case. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Edward H. Johnstone, U.S. Chief District Judge for the Western District of Kentucky, sitting by designation